innocent purchasers on September 3, 1935, when the petition for reorganization was filed in the District Court, as at that time such a memorandum had not been made and recorded; and the lien did not thereafter become valid, if it could be made so, by the parties making such a memorandum and recording it in the proper place within twenty days.

It is intimated by the Supreme Court of New Hampshire in Churchill v. Demeritt, 71 N.H. 110, at page 113, 51 A. 254, 256, that "the statute allows 20 days in which to complete and record the memorandum," although the question was not directly in issue. But, as above said, if the intimation there made is the correct interpretation of the statute, it is manifest that, under the facts in this case, the Babcock Company, at the time of the filing of the reorganization petition, did not have a valid lien as against attaching creditors and purchasers without notice and did not thereafter acquire one by causing the requisite memorandum to be made and recorded within the twenty days.

Having reached these conclusions, it is unnecessary to consider the other questions that have been argued. The decrees of the District Court must be affirmed.

The decrees of the District Court in the above cases are affirmed, with costs to the appellees in both cases.

Hobart L. Morris, of Utica, N. Y., for appellant.

David J. Goldstein, of Utica, N. Y., for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

For the reasons stated at the argument this order must be affirmed. The case did not raise the question of the effect of the discharge upon the appellant's judgment and the district court should not have discussed it. It is impossible to reverse an opinion, but we take this occasion to declare that it was extrajudicial, and that it should not be regarded as authoritative for any purpose whatever.

Order affirmed.

### THE VIRGINIA AND JOAN.

### WONSON v. GIACALONE.

No. 3160.

Circuit Court of Appeals, First Circuit.
Nov. 5, 1936.

### In re DODGE.

### CIERI v. DODGE.

No. 92.

Circuit Court of Appeals, Second Circuit.
Nov. 16, 1936.

